IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

Jane Doe,

    Plaintiff,

v.                                               Civil Action No:

Matthew 25, Inc. and
James Finchum                         Judge

    Defendants.                        (Jury Trial Requested)

## **COMPLAINT**

Plaintiff, Ms. Jane Doe[1] ("Ms. Doe" or "Plaintiff") has been employed by Matthew 25 ("Defendant") for approximately six and a half years. Following the hire of James Finchum as Executive Director in March 2016, she was subjected to an ongoing pattern of assault, battery and ongoing and severe sexually harassing behavior by the Executive Director, James Finchum, in violation of state law, the THRA, Title IX and 42 USC § 1981.[2]

## **JURISDICTION AND VENUE**

1.     This is an action for declaratory and monetary relief caused by Defendant's violations under Tennessee's common law of assault and battery; the Tennessee Human Rights Act ("THRA"), T.C.A. § 4-21-101 *et seq.*; Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681(a); and 42 U.S.C. § 1981.

---

[1] Although known to Defendants, Plaintiff is not named herein as her given name expressly to protect Plaintiff's privacy.
[2] Plaintiff currently has charges pending with the Equal Employment Opportunity Commission concerning violations of Title VII as well. She intended to amend this Complaint after those charges have been administratively exhausted.

2. This Court has jurisdiction over this action because the actions complained of were undertaken in Davidson County.

3. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

**PARTIES**

4. Plaintiff, Ms. Doe, an African American woman, has been an employee of Defendant, within the meaning of T.C.A. § 4-21-102 *et. seq.* for the past six and a half years.

5. Defendant Matthew 25 is a Tennessee Nonprofit Corporation with its principal place of business in Davidson County, Nashville, Tennessee. Defendant Matthew 25 is an employer within the meaning of the THRA. Defendant Matthew 25's registered agent for service of process is Jim Finchum, Vine Hill Towers, Suite 120, 625 Benton Ave., Nashville, TN 37204-2338.

6. Defendant Matthew 25 receives federal funding for the operation of its services in providing training and education to its target population. Further, Defendant Matthew 25 had substantial control over both Finchum and the context in which the known harassment occurred.

7. Defendant James Finchum is a resident of Williamson County.

**FACTUAL BACKGROUND**

8. During the time that Ms. Doe worked at Matthew 25, she was subjected to assault, battery and ongoing and severe sexually harassing behavior by the Executive Director, James Finchum, during the time he was employed by Matthew 25.

2

9. Mr. James Fincum was hired as Executive Director of Matthew 25 on March 3, 2016.

10. Mr. Finchum engaged in a persistent and ongoing practice of commenting on Plaintiff's physical appearance, telling her stories of a black female police officer he used to date who reminded him of Plaintiff and who used to handcuff him during sexual activities, cornering Plaintiff in his office with the door closed and physically touching her. On at least one occasion, Mr. Finchum pulled down his pants, exposed his penis to Plaintiff and masturbated to ejaculation in front of her. On at least one other occasion, Mr. Finchum came up behind Plaintiff and hunched his private parts against her buttocks until the front of his pants were wet. Mr. Finchum had an explosive temper and would often yell and berate Plaintiff and other female employees.

11. Plaintiff objected directly to Mr. Finchum, who was the highest ranking executive of the nonprofit corporation. Mr. Finchum persisted in his behavior.

12. In June 2016, Plaintiff asked Karen Baggett, a member of the Board of Directors of Matthew 25 to lunch at The Cookery in Nashville. At the lunch, Plaintiff told Ms. Baggett that she was afraid of Mr. Finchum and asked for help. Ms. Baggett responded that it would be ok and took no action.

13. When Plaintiff complained about Mr. Finchum's behavior, Matthew 25 had no adequate sexual harassment policy in place.

14. On or about December 2016, Mr. Finchum called Plaintiff into his office and shut the door. She was seated in a chair and he approached her from behind and began massaging her shoulders. Plaintiff was frozen in fear. Mr. Finchum grabbed Plaintiff's hand and placed it on his groin area, through his pants. He then unzipped his pants, exposed his penis to Plaintiff and masturbated in front of her. Plaintiff was traumatized and embarrassed.

15. On or about April 2017, Mr. Finchum approached Plaintiff from behind and held himself against her buttocks and hunched against her until his pants became wet.

16. On or about October 2017, Plaintiff reported to her co-workers that Mr. Finchum was sexually harassing her. After that, Plaintiff's co-workers would endeavor to not leave her alone with Mr. Finchum in his office and would make up reasons why Plaintiff needed to leave his office.

17. On or about October 31, 2017, Plaintiff was hospitalized. She informed the office administrator, Christy Ralph, that she was in the hospital. Ms. Ralph asked her details regarding which hospital and which room she was in. About an hour later Mr. Finchum appeared at her hospital room and told the nurse on duty that he was her boyfriend. Plaintiff was upset to see Mr. Finchum there and asked him to leave. She informed the nurse that he was <u>not</u> her boyfriend, but was her boss.

18. Mr. Finchum would frequently call Plaintiff on her cell phone when she was not at work and would ask her if she was in the bathroom or taking a bath.

19. On December 29, 2017, Plaintiff sent an email to Mr. Finchum[3] and copied each and every member of the Board of Directors of Matthew 25 reporting the behavior and asking for it to stop:

> This letter to inform you, Jim to let you know that your inappropriate behavior toward me is unwanted and to inform all the Board Members:
>
> I am being subjected to sexual comments and advances from Jim/CEO. The CEO has gone as far to expose himself to me. These advances, comments and all sexual behaviors are unwelcomed.
>
> I don't want any problems. I just want this to stop, so I can do my job.

---

[3] While Plaintiff intended to send her email to Mr. James Finchum, it inadvertently was addressed to his son, also named James Finchum.

4

20. On information and belief, upon receiving Plaintiff's written complaint Matthew 25 finally hired a consulting group, HR Compass, to investigate Plaintiff's complaint.

21. Mr. Finchum remained working in his regular capacity during the investigation.

22. Plaintiff had to work alongside Mr. Finchum during the investigation. Plaintiff utilized her accrued paid time off during part of the investigation period so that she would not have to work next to Finchum at the office.

23. On January 8, 2018, ten days after she sent the email to the Board, Plaintiff was interviewed by Ms. Brown of HR Compass and she gave truthful information about her harassment and sexual assault by Mr. Finchum. Ms. Brown recommended that Plaintiff file a police report.

24. On January 9, 2018, Plaintiff filed a complaint against Mr. Finchum with the Metro Nashville Police Department.

25. On or about January 11, 2018, Mr. Finchum voluntarily resigned his position as Executive Director at Matthew 25. However, Mr. Finchum remains as registered agent for Matthew 25.

26. Despite having knowledge that Mr. Finchum had assaulted and sexually harassed Plaintiff, Matthew 25 failed to take steps to provide a safe environment for Plaintiff and has in fact failed to provide a safe work environment free from assault, battery and sexual harassment.

27. After the investigation, Plaintiff asked to report her severe emotional injuries as a work-related injury and her request was denied. Further, Plaintiff requested that Defendant Matthew 25 pay the costs associated with her medical care related to her emotional injuries and that request was likewise denied.

28. Plaintiff has requested a copy of the report regarding the investigation into Mr. Finchum and that request has been denied.

29. Matthew 25 employees and board members continue to communicate with Defendant Mr. Finchum as if he were still employed.

30. After reporting the harassment and assault, Plaintiff has been ostracized and her job duties reduced, including her role in implementing a federal grant through the U.S. Veterans Administration.

31. As a result of the severe emotional distress she has endured from the unsafe work environment she experienced, Plaintiff has taken an extended sick leave from her employment.

## COUNT I
**(Common Law Assault and Battery against Defendant Matthew 25 and Defendant James Finchum)**

32. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

33. Defendant's agent, Mr. Finchum intentionally assaulted and committed battery against Plaintiff.

34. As a result, Plaintiff has been damaged and is entitled to recover damages, including, but not limited to, lost wages, emotional distress, consequential damages, punitive damages, costs, interest and any other legal and equitable relief to which she may be entitled.

## COUNT II
**(Sex Harassment under the THRA against Defendant Matthew 25)**

35. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

36. Plaintiff was subjected to a continuing and on-going campaign of sex harassment in Defendant's workplace because of her sex, female.

37. Plaintiff reported and/or protested incidents of harassment and assault by her supervisor, Executive Director James Finchum, to members of the Board and the reports were either ignored or rebuffed. Plaintiff was expected to work side-by-side with harasser Finchum during the employer's investigation which further traumatized Plaintiff. Defendant failed to remedy and/or prevent sex harassment in the workplace in a prompt and effective manner.

38. Defendant is vicariously liable for the sexual harassment perpetrated by its Executive Director to Plaintiff, and is liable for failing to remedy sex harassment in the workplace. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and, at times, lost earnings and benefits.

## COUNT III
**(Retaliation under THRA)**

39. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

40. It is the public policy and law of the State of Tennessee that employees must be able to exercise their rights under state and federal law without fear of reprisal or penalty from an employer.

41. Contrary to the public policy and law of the State of Tennessee, as well as in violation of the THRA, Plaintiff was retaliated against for objecting to and complaining about Defendant's failure to remedy the assault, battery and sexual harassment taking place in the workplace.

42. This retaliation, including ostracizing Plaintiff and reducing her job duties in retaliation for the exercise of her rights to oppose assault, battery and sexual harassment taking place in the workplace.

43. As a result, Plaintiff has been damaged and is entitled to recover damages for suffering emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and, at times, lost earnings and benefits.

## COUNT IV
### (TITLE IX, 20 U.S.C. § 1681)

44. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

45. Matthew 25 receives federal funding as defined under Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681(a).

46. Section 901(a) of Title IX provides:

No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

20 U.S.C. § 1681(a).

47. Defendant Matthew 25 receives federal funding for the operation of its services in providing training and education to its target population. Further, Defendant Matthew 25 had substantial control over both Finchum and the context in which the known harassment occurred.

48. Plaintiff was subjected sexual assault based upon her sex that was severe, pervasive, objectively offensive, and prohibited by Title IX.

49. Matthew 25 had actual notice of Defendant Finchum's sexually harassing

behavior and was deliberately indifferent to that behavior.

50. Matthew 25's failure to have an adequate sexual harassment policy and its negligent hiring and retention of Defendant Finchum contributed to the assault, battery and sexual harassment Plaintiff endured.

51. Matthew 25 through its deliberately indifferent actions and inactions created and subjected Plaintiff to a hostile environment under Title IX by failing to take adequate measures to prevent the sexual assault from taking place.

52. Matthew 25 had actual knowledge of the sexual harassment Plaintiff endured when she reported it to a member of the Board, but it chose not to seriously investigate or remediate the situation. Matthew 25's response, or lack thereof, to the sexual assault constitutes deliberate indifference.

53. Plaintiff suffered, and continues to suffer, severe emotional distress, humiliation, embarrassment, and pain as a direct and proximate result of Matthew 25's deliberate indifference to her rights under Title IX.

## COUNT V
### (42 U.S.C. § 1981)

54. Plaintiff restates and incorporates herein the foregoing paragraphs.

55. Plaintiff is an African American and was singled out for harassment on the basis of her race and sex.

56. Upon information and belief, White employees were not subjected to the type of assault and battery Plaintiff was. Defendant Finchum made references to Plaintiff's race in the context of his harassment directed toward Plaintiff.

57. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

58. As a result, Plaintiff is entitled to recover her damages, including lost wages, compensatory and punitive damages, attorneys' fees, costs, interest, and any other legal and equitable relief to which she may be entitled.

## **PRAYER FOR RELIEF & JURY DEMAND**

WHEREFORE, premises considered, Plaintiff prays for the following relief:

A. Monetary award of damages for Back Pay;

B. Pre- and post judgment interest;

C. Compensatory Damages and Punitive Damages;

D. Attorney's fees and costs, and expenses of the action;

E. All other legal and equitable relief to which Plaintiff shows she is entitled, and which is just and proper; and

F. A jury trial.

Respectfully submitted,
COLLINS & HUNTER, PLLC

*/s Heather Moore Collins*
Heather Moore Collins (# 026099)
Anne Hunter (# 022407)
Paige M. Lyle (# 032959)
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com
anne@collinshunter.com

*Attorneys for Plaintiff*