IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

Jane Doe,

    Plaintiff,

v.                                             Civil Action No: 3:18-cv-00295

Matthew 25, Inc. and
James Finchum                        Judge Trauger

    Defendants.                     (Jury Trial Requested)

_____/

**PLAINTIFF'S OPPOSITION TO DEFENDANT MATTHEW 25 INC.'S
MOTION FOR PARTIAL DISMISSAL, ALTERNATIVE MOTION FOR SUMMARY
JUDGMENT AS TO THE ASSAULT AND BATTERY CLAIMS**

      Matthew 25's Motion to Dismiss the Section 1981, THRA retaliation claims ignores the well pled allegations of the Complaint that its former Executive Director, Finchum, singled Plaintiff out for sexual harassment and assault because of her race and that after her complaints, she was ostracized, had her job duties reduced and was forced to use her accrued leave. Moreover, the Motion to Dismiss/Motion for Summary Judgment as to the assault and battery claims is based on an erroneous application of the law, ignoring on point precedent from the Tennessee Court of Appeals and prematurely arguing worker's compensation will cover her injuries, when at this stage, that conclusion is purely speculative. Accordingly, there is no basis for dismissal of the assault and battery, 42 U.S.C. § 1981 or THRA retaliation claims.

## THE WELL PLED FACTUAL ALLEGATIONS OF THE COMPLAINT

As is expected with respect to federal notice pleading standards, Plaintiff articulated details of the ongoing sex and race harassment she endured while James Finchum was her manager. Mr. Finchum engaged in a persistent and ongoing practice of commenting on Plaintiff's physical appearance, telling her stories of a black female police officer he used to date who reminded him of Plaintiff and who used to handcuff him during sexual activities, cornering Plaintiff in his office with the door closed and physically touching her. (ECF 1, Complt. ¶10). On at least one occasion, around December 2016, Mr. Finchum pulled down his pants, exposed his penis to Plaintiff and masturbated to ejaculation in front of her. (Complt. ¶¶ 10, 14). On at least one other occasion, around April 2017, Mr. Finchum came up behind Plaintiff and hunched his private parts against her buttocks until the front of his pants were wet. (Complt. ¶¶ 10, 15). Mr. Finchum also claimed to be Plaintiff's boyfriend and directed unwanted attention to her. (Complt. ¶¶17, 18). Plaintiff alleged she was singled out for harassment by Finchum due to her race and sex, her race was specifically mentioned in the context of Finchum's advances toward Plaintiff, and that White employees were not subjected to the type of assault and battery Plaintiff endured. (Complt. ¶¶10, 19, 55-56).

When Plaintiff inquired whether the injuries she suffered as a result of Finchum's harassment were work related, she was told that her injuries were not work related. (Complt. ¶27). Over a month after Plaintiff reported Finchum's harassment Defendant agreed to file a worker's compensation claim on Plaintiff's behalf. (Complt. ¶19; ECF 21, Sauer Decl. ¶4, p.4). To date, that claim has not been approved. (Collins Decl. ¶5).

In retaliation for reporting the harassment, Plaintiff was ostracized and had her job duties reduced. (Complt. ¶¶30, 42). As a result of the harassment and retaliation, Plaintiff used her

2

accrued sick leave to escape working with Finchum during Defendant's investigation and eventually took an extended sick leave to address the trauma she endured. (Complt. ¶¶22, 31).

Since the filing of the Complaint, Plaintiff has issued discovery to determine the status of the workman's compensation claim Defendant filed, and a copy of any applicable insurance policies, among other information. (Collins Decl. ¶¶4-7, attached discovery). No responsive documents have been served to date. (Id. ¶8).

## STANDARD OF REVIEW

### A. Motion to Dismiss Standard

A motion to dismiss for failure to state a claim upon which relief can be granted is procedural, and tests the sufficiency of the complaint. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). To survive a Rule 12(b)(6) motion to dismiss, a claim's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The court must construe the claim in a light most favorable to the plaintiff, accept the factual allegations as true, and determine whether plaintiff's factual allegations present plausible claims. *Twombly,* 550 U.S. at 570. *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007); *Central States Pension Fund v. Mahoning Nat'l Bank*, 112 F.3d 252, 255 (6th Cir. 1997). A court should assume the veracity of well pled factual allegations and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949.

### B. Motion for Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In determining whether the moving party has met its burden, the court must view the factual evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The court's function is not to determine the truth of the matters asserted, but whether there is a genuine issue for trial. *Little Caesar Enters., Inc. v. OPPCO, LLC*, 219 F.3d 547, 551 (6th Cir. 2000). Summary judgment should not be imposed to deny a party an opportunity to present a meritorious claim or defense on his/her "day in court." *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Pursuant to Federal Rule Civil Procedure 56(d) for specified reasons, in the event a party cannot present facts essential to justify its opposition, the court may: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." This Rule "recognizes that there are instances when a party lacks the necessary facts to properly contest a summary judgment motion." *CareToLive v. FDA*, 631 F.3d 336, 345 (6th Cir. 2011). *See Bobo v. United Parcel Service, Inc.*, 665 F.3d 741, 751 (6th Cir. 2012) ("When *Rule 56[d]* functions properly, it ensures that, in the mine-run of cases, a litigant who fails to answer potentially relevant discovery requests on schedule will be unable to demand summary judgment until after he remedies his failure.") (internal citation omitted).

C. **Leave to Amend Standard**

Further, leave to amend a complaint is to be freely granted when justice so requires. *See* Fed.R.Civ.P. 15(a). Absent bad faith or dilatory motive on the part of the movant, leave to amend

4

should be granted unless the amended claim would not survive a motion to dismiss. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Sinay v. Lamson & Sessions Co.,* 948 F.2d 1037, 1041-42 (6th Cir.1991); *Head v. Jellico Housing Auth.,* 870 F.2d 1117, 1124 (6th Cir.1989).

## THE MOTION SHOULD BE DENIED

### A. Plaintiff Pled Facts That Plausibly Give Rise To A Claim for Assault and Battery

Plaintiff's assault and battery claims survive Defendant's motion to dismiss and summary judgment because the Tennessee Workers' Compensation Act ("TWCA") does not apply and because each assault occurred at Matthew 25, while both Plaintiff and Finchum were performing their job duties. Accordingly, Matthew 25 is liable for Finchum's actions.

### 1. The TWCA Does Not Apply

The employer bears the burden that an affirmative defense under the TWCA applies. *See Cloyd v. Hartco Flooring Company*, 274 S.W.3d 638, 647 (Tenn. 2008); *Lunsford v. A.C. Lawrence Leather Co.*, 189 Tenn. 293, 225 S.W.2d 66, 69 (Tenn. 1949)) ("[T]he employer has the burden of proof to establish facts which the employer claims as a bar to the [workers'] compensation claim).[1] Matthew 25 has not met its burden.

In *Anderson v. Save-A-Lot, Ltd.*, 989 S.W.2d 277, 288 (1999), the Tennessee Supreme Court specifically rejected the argument that sexual harassment claims *and related injuries* were included under the TWCA because sexual harassment does not arise out of employment. In doing so, the court stated: "we question whether the drafters ever contemplated that the statute would

---

[1] The TWCA exclusivity provision also has an exception where an intentional tort was committed. *Valencia v. Freeland & Lemm Const. Co.*, 108 S.W.3d 239, 242 (Tenn. 2003). Defendant ostensibly must argue that Plaintiff's common law claims of sexual assault are not intentional and thus, the TWCA applies. However, as set forth herein, it is Defendant's burden to show the affirmative defense applies. Moreover, Plaintiff demonstrates that issues of fact are present as to whether or not her injuries both "'arose out of' and occurred 'in the course of' employment.'" She is not required to also show that her injury meets the judicially created intentional tort exception and that the assault was intentional.

5

cover *injuries suffered as a result of sexual harassment.*" *Id*. (emphasis added). This general rule has been used by courts that have refused to apply the TWCA exclusive remedy provision to common law claims in the context of a harassment claim. *See Sims v. Meridian Senior Living*, LLC, 2012 U.S. Dist LEXIS 174566 *12-13 (W.D. Tenn. Dec. 10, 2012) (denying motion to dismiss negligent infliction of emotional distress claims against employer); *Vanover v. White*, 2008 U.S. Dist. LEXIS 52980 *48 (E.D.Tenn. July 10, 2008) (denying motion for summary judgment to dismiss common law claims for sexual assault and outrageous conduct claims against employer under TWCA exclusivity provision); *Medrano v. MCDR*, 366 F. Supp. 2d 625, 632 (W.D. Tenn. 2005) (denying motion to dismiss common law claims for intentional infliction of emotional distress claims against employer under TWCA exclusivity provision); *Clayton v. Dollar General Corp.*, No. 00-cv-2674-BBD *5-7 (W.D. Tenn. April 30, 2001) (denying motion for judgment on the pleadings common law claims for negligent hiring against employer under TWCA exclusivity provision).

"To qualify as a compensable workers' compensation claim, the injury must **both** 'arise out of' and occur 'in the course of' employment." *Coleman v. St. Thomas Hosp*. 334 S.W.3d 199, 203 (Tenn. Ct. App. 2010). In *Anderson* the court stated:

> The phrase, 'in the course of,' employment refers to time and place, and 'arising out of,' to cause or origin; and an injury by accident to an employee is 'in the course of" employment if it occurred while he was performing a duty he was employed to do; and it is an injury 'arising out of' employment if caused by a hazard incident to such employment.

*Id*., 989 S.W.2d at 279-80 (quoting *Travelers Insurance Company v. Googe*, 217 Tenn. 272, 397 S.W.2d 368, 371 (Tenn. 1965)). "An injury arises out of employment 'when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work [was] required to be performed and the resulting injury."

6

*Coleman*, 334 S.W.3d at 206 (quoting *Anderson*, 989 S.W.2d at 280). A "causal connection" does not mean "proximate cause as used in the law of negligence, but cause in the sense that the accident had its origin in the hazards to which the employment exposed the employee while doing [her] work." *Phillips v. A&H Const. Co., Inc.*, 134 S.W.3d 145, 150 (Tenn. 2004).

The Tennessee Supreme Court identified three types of assaults in determining whether an injury arises out of employment:

> [I]ssues of whether assaults upon employees arise out of the scope of employment can best be divided into three general classifications: (1) assaults with an "inherent connection" to employment such as disputes over performance, pay or termination; (2) assaults stemming from "inherently private" disputes imported into the employment setting from the claimant's domestic or private life and not exacerbated by the employment; and (3) assaults resulting from a "neutral force" such as random assaults on employees by individuals outside the employment relationship.

*Woods v. Harry B. Woods Plumbing Co., Inc.*, 967 S.W.2d 768, 771 (Tenn. 1998). Assaults in the first category are compensable under the workers' compensation scheme; those in the second category are not; and whether those in the third category are compensable "depends on the facts and circumstances of the employment." *Id.*

In the past year, the Tennessee Court of Appeals analyzed the exclusivity provision of the TWCA in ultimately rejecting the argument a sexual assault that occurred on the job fell under the TWCA. *Doe v. P.F. Chang's China Bistro*, 2017 Tenn. App. LEXIS 584 *12 (Tenn. Ct. App. Apr. 25, 2017). In doing so, the court of appeals stated:

> When an injury is "purely coincidental, contemporaneous, or collateral with the employment[, it] will not be considered as arising out of the employment. *Coleman*, 334 S.W.3d at 204 (citing *Foreman v. Automatic Sys. Inc.*, 272 S.W.3d 560, 572 (Tenn. 2008); *Anderson v. Westfield Grp.*, 259 S.W.3d 690, 696 (Tenn. 2008); *Wait v. Travelers Indem. Co. of Illinois*, 240 S.W.3d 220, 228 (Tenn. 2007)).

*Id.* Further, assaults that do not fit neatly into one category, like the one here, are not suitable for determination on summary judgment. *Id.* at *14. The determination whether an injury arose out of

7

and in the course of employment is a question of fact" that are not suitable for dismissal on a motion to dismiss or summary judgment. *Coleman*, 334 S.W.3d at 205 (quoting *Anderson*, 989 S.W.2d at 280).

At this stage, we do not have discovery that Matthew 25, through its own policies state, as they likely do, that assaults are not condoned or to be expected as a part of employment in an administrative capacity as a Matthew 25 employee. There is also no evidence that Plaintiff, in her administrative role, could have expected to be exposed to the type of sexual assault that she was at a faith based non-profit. *Doe v. P.F. Chang's China Bistro*, 2017 Tenn. App. LEXIS 584 *14-16 (sexual assault was not a risk inherent in employment or a condition under which plaintiff's work was to be performed). *See Jesse v. Savings Products*, 772 S.W.2d 425 (Tenn. 1989) (based on the "street risk doctrine" where employment exposed the employee to hazards "of the street" an injury may be compensable under the TWCA). Moreover, we have no evidence that Matthew 25's worker's compensation carrier will agree to cover any of Plaintiff's injuries. Accordingly, as a matter of law, the TWCA exclusivity provision does not apply, but also, as a matter of fact, it is premature to hold that Defendant's worker's compensation insurance will cover Plaintiff's claims when no such fact has been established either that the policy will cover it, or that she could have expected to be exposed to assault by the executive director of Matthew 25. (Collins Decl. ¶¶4-7).

As such, because Matthew 25 is unable to establish as a matter of law and fact that the TWCA exclusivity provision applies, dismissal and summary judgment must be denied for the common law claims.

### 2. A Reasonable Jury Could Find Plaintiff and Finchum were Acting Within the Scope of Their Employment When Plaintiff Was Assaulted

Both Plaintiff and Finchum were working at Matthew 25 facilities when the assaults occurred. "[A]n employer may be held liable for the torts committed by his or her employees while

performing duties within the scope of employment." *White v. Revco Discount Drug Ctrs., Inc.*, 33 S.W.3d 713, 718 (Tenn. 2000). Under Tennessee law, when a manager exercises excessive force when carrying out a work related activity, the employer can be held liable for assault. *Fields v. Shelton Fertilizer Co.*, 1986 U.S. App. LEXIS 18502 *9 (6th Cir. July 11, 1986) (there was an issue of fact whether manager was acting within the scope of his employment when he subsequently got in an altercation with the customer because part of his job duties were to provide customer service).

As a general proposition, whether an employee is acting with the scope of his or her employment is for the trier of fact. *Morris v. Collis Foods, Inc.,* 2002 Tenn. App. LEXIS 441, 2002 WL 1249514 at *3 (Tenn. Ct. App. 2002) (collecting cases). "In order to hold an employer liable, the plaintiff must prove (1) that the person who caused the injury was an employee, (2) that the employee was acting on the employer's business, and (3) that the employee was acting within the scope of his employment when the injury occurred." *Tennessee Farmers Mut. Ins. Co. v. American Mut. Liability Ins. Co.*, 840 S.W.2d 933, 938 (Tenn. Ct. App. 1992).

In this case, all alleged assaults occurred at the workplace while Plaintiff was working and while Finchum was supervising her as her Executive Director, the highest ranking manager at the organization. None of the alleged assaults occurred outside the workplace. *See e.g. Briordy v. Chloe Foods Corp.,* 2008 U.S. Dist. LEXIS 15806 *26-27 (M.D. Tenn. Feb. 29, 2008) (assault was not in scope of employment because it occurred in a social setting on a "jaunt" to a casino after the employees had completed their job duties for the day).

Because Matthew 25 is unable to establish as a matter of law that Plaitniff was acting outside the scope of her employment when Finchum assaulted her, summary judgment must be denied for the common law claims.

### B. Plaintiff Presented Plausible Claims of Harassment Under 42 U.S.C. § 1981; Alternatively Leave to Amend is Appropriate

Plaintiff alleged she was singled out for harassment by Finchum due to her *race* and sex, and that White employees were not subjected to the type of harassment, assault and battery Plaintiff endured. (Complt. ¶¶55-56). In the context of creating a hostile work environment, Finchum stated his preference for and prior sexual experience with a Black woman, indeed, Plaintiff's race appeared to be the motivation for Finchum's fixation on Plaintiff. (Complt. ¶¶10, 55-56). Moreover, at this stage, there is no evidence Finchum similarly harassed or assaulted White women in the office, which further supports the theory that Plaintiff's race appeared to motivate Finchum's harassing behavior toward Plaintiff. Matthew 25, by ignoring these allegations asserts an insufficient basis to move to dismiss the 42 U.S.C. § 1981 claims.

Thus, Plaintiff clearly pled sufficient facts to withstand the instant Motion that her allegations with respect to the § 1981 claim was sufficiently supported by facts pled in the Complaint.

In the event Plaintiff's Complaint does not meet the rigors of *Twombly/Iqbal*, Plaintiff requests leave to amend as necessary because any such amendment would not prejudice the Defendant at this early stage. *Foman v. Davis*, 371 U.S. at 182.

### C. Plaintiff's Complaint Sufficiently Pled a THRA Retaliation Claim

Defendant does not dispute Plaintiff pled facts related to her THRA retaliation claim, but rather it seems to complain that there were not enough allegations to satisfy it. (ECF 19 p. 8). Defendant's complaints are insufficient to justify dismissal at this stage. For example, Plaintiff pled that as a result of the sexual harassment and her complaints, she was ostracized, had her job duties reduced, she ultimately was required to use her accrued paid time off to avoid Finchum, and she was forced to take an extended sick leave from her employment (Complt. ¶22, 30, 31, 42).

10

The cases cited by Defendant are summary judgment cases or cases that reached a verdict; cases where Plaintiff was allowed full and complete discovery or the fact finder made the final determination, unlike in this case. (ECF 19 p. 8). One of the seminal cases on retaliation, *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006) recognizes that in determining whether an action is materially adverse depends on the particular circumstances because "context matters." *Id*. at 69. For instance, a change in schedule for a young mother with school age children can be materially adverse, or a refusal to invite an employee to lunch where training takes place can be materially adverse. *Id*. Thus, when Plaintiff was forced to continue to work with her harasser and eventually forced out of work after her complaints, not only due to the trauma of the harassment, but as a result of the ostracization and loss of job duties she experienced, she experienced at the very least loss of her accrued time off which a jury could conclude is a materially adverse employment action (Complt. ¶¶22, 30, 31, 42); *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. at 71-72. Additionally, without the benefit of discovery, Plaintiff is unable to definitively state what else she missed while she was required to use her accrued leave.

**WHEREFORE**, based on the foregoing, Plaintiff respectfully requests this Honorable Court DENY Matthew 25's partial motion to dismiss and motion for summary judgment. Alternatively, Plaintiff requests leave to amend any perceived pleading deficiencies.

Respectfully submitted,

COLLINS & HUNTER, PLLC

*/s Heather Moore Collins*
Heather Moore Collins (# 026099)
Anne Hunter (# 022407)
Paige M. Lyle (# 032959)
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX

heather@collinshunter.com
anne@collinshunter.com
paige@collinshunter.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY certify that a copy of the foregoing has been served this 30th day of May 2018 through the court's CM/ECF system to Attorneys for Defendant Finchum: Cynthia Sherwood, William Mazzota, Sherwood Boutique Litigation, PLC, 201 Fourth Ave. N., Suite 1130, Nashville, TN 37219 and Attorneys for Matthew 25: Tracy Lujan, Kevin Klein, Klein Bussell, PLLC, 1224 6th Ave. N., Nashville, TN 37208.

*s/ Heather Moore Collins*
Heather Moore Collins